CLARK, J.,
dissents and assigns reasons.
|TI would grant the State’s writ application because I find nothing in the Louisiana Code of Criminal Procedure that authorizes the appointment of a special process server under these circumstances. In fact, La.Code Crim.P. art. 734(A) mandates that “[t]he sheriff of any parish in which the witness may be found or of the parish in which the proceeding is pending shall serve the subpoena and make a return thereof without delay.” The use of the mandatory word “shall” over the permissive word “may” indicates a choice of the legislature that subpoenas be served exclusively in this manner. Exceptions to this rule must be statutorily provided, as evidenced by the legislature in subsections (B) and (C) of La.Code Crim.P. art. 734, wherein investigators employed by the attorney general and the district attorney, respectively, may serve subpoenas under the limited circumstances listed therein. While different types of service are contemplated by the Code of Criminal Procedure, the *173 server is always the sheriff, i.e., the sheriff can effect domiciliary service, personal service, or employ the use of the United States Postal Service. La.Code Crim.P. art. 735. Accordingly, I see no codal authority for circumventing the requirement that the sheriff shall serve the subpoena.
I additionally concur in the dissent of Justice Crichton.